**WO** LMH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jose Luis Arevalo, | ) | No. CV 05-2984-PHX-NVW (LOA) |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Charles DeRosa. | ) | |
| Respondent. | ) | |

Petitioner, who is confined in the Federal Correctional Institution in Phoenix, Arizona, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The Court will order an answer.

**A.    Motion to Proceed *In Forma Pauperis*.**

Petitioner's Application to Proceed *In Forma Pauperis* indicates that his inmate trust balance is less than $25.00. See Local Rule of Civil Procedure 3.5(b) (excess of $25.00 requires payment of the filing fee). Accordingly, the Application to Proceed *In Forma Pauperis* (Doc. #1) will be granted.

**B.    Procedural Background.**

Petitioner asserts that he is serving a thirty-year sentence arising in the Middle District of Florida for drug trafficking and money laundering. He alleges that he has lost seven days of good time credit because his custody classification was increased without notice and he has failed to "perfectly comply" with the "numerous unwritten requirements" of the new

1 classification. He claims that his due process rights and ex post facto principles were
2 violated. He asserts that he exhausted his administrative remedies. It appears from a review
3 of the Petition that an answer is required.

4 **IT IS THEREFORE ORDERED that:**

5      (1) Petitioner's Application to Proceed *In Forma Pauperis* (Doc. #1) is granted.

6      (2) The Clerk of Court shall serve a copy of the Summons, Petition, and this Order
7 upon the United States Attorney for the District of Arizona by certified mail addressed to the
8 civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of
9 the Federal Rules of Civil Procedure. The Clerk of Court also shall send by certified mail
10 a copy of the Summons, Petition, and this Order to the United States Attorney General
11 pursuant to Rule 4(i)(1)(B) and to Respondents pursuant to Rule 4(i)(2)(A).

12      (3) The Respondents answer the Petition within twenty (20) days of the date of
13 service. Respondents shall not file a dispositive motion in place of an answer, but may file
14 an answer limited to relevant affirmative defenses, including but not limited to, statute of
15 limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative
16 defenses, only those portions of the record relevant to those defenses need be attached to the
17 answer. Failure to set forth an affirmative defense in an answer may constitute a waiver of
18 the defense. See Nardi v. Stewart, 354 F.3d 1134, 1140-41 (9th Cir. 2004); see also
19 Morrison v. Mahoney, 399 F.3d 1042 (9th Cir. 2005).

20      (4) Petitioner may file a reply within thirty (30) days from the date of service of the
21 answer.

22      (5) Petitioner shall serve upon Respondents, or if appearance has been entered by
23 counsel, upon the attorney, a copy of every further pleading or other document submitted for
24 consideration by the Court. Petitioner shall include with the original document and copy, to
25 be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of
26 the pleading or document was mailed to Respondents or the counsel. Any paper received by
27 a District Court Judge or Magistrate Judge which has not been filed with the Clerk of the
28 Court may be disregarded by the Court.

1   (6) At all times during the pendency of this action, Petitioner shall immediately advise the Court and the United States Marshal of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

(7) Aside from the required two copies of the original Petition, a clear, legible copy of every other document filed shall accompany each original document for use by the District Judge or Magistrate Judge to whom the case is assigned. Failure to comply with this requirement may result in the pleading or document being stricken without further notice to Petitioner.

(8) This matter is referred to Magistrate Judge Lawrence O. Anderson pursuant to Local Rules of Civil Procedure 72.1 and 72.2 for further proceedings and a report and recommendation.

DATED this 5th day of October, 2005.

_____
Neil V. Wake
United States District Judge

TERMPSREF

- 3 -