# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE LUIS AREVALO,<br><br>    Petitioner - Appellant,<br><br>V.<br><br>JOE W. BOOKER, JR., Warden,<br><br>    Respondent - Appellee. | No. 06-15367<br>D.C. No. CV-05-02984-NVW<br><br>**JUDGMENT** |

Appeal from the United States District Court for the District of Arizona (Phoenix).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the District of Arizona (Phoenix) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **AFFIRMED**.

Filed and entered 07/16/07

A TRUE COPY  9/7/07
ATTEST
CATHY CATTERSON
Clerk of Court

by: _____
    Deputy Clerk

This certification does constitute the mandate of the court.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 16 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE LUIS AREVALO, <br><br> Petitioner - Appellant, <br><br> v. <br><br> JOE W. BOOKER, JR., Warden, <br><br> Respondent - Appellee. | No. 06-15367 <br><br> D.C. No. CV-05-02984-NVW <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted July 9, 2007**

Before:   LEAVY, THOMAS, and BERZON, Circuit Judges.

Jose Luis Arevalo appeals pro se from the district court's order denying his 28 U.S.C. § 2241 petition challenging his enhanced security classification and the revocation of good time credits. We have jurisdiction pursuant to 28 U.S.C.

---

   *   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   **   This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291, and we affirm.

Arevalo contends that his classification and placement in an enhanced security program, and his subsequent loss of good time credits for violating the rules of that program, violated due process. However, a due process claim is cognizable only if there is a recognized liberty interest at stake. *See McLean v. Crabtree*, 173 F.3d 1176, 1184 (9th Cir. 1999). Prison officials' exercise of discretion to assign a security classification to an inmate does not violate the inmate's liberty interests. *See Moody v. Daggett*, 429 U.S. 78, 88 (1976). Accordingly, Arevalo's classification and placement in an enhanced security program did not violate due process. *See id*.

Further, the disciplinary hearing on Arevalo's rule violation comported with due process, *see Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974), and some evidence supports the disciplinary finding. *See Superintendent v. Hill*, 472 U.S. 445, 455 (1985). Accordingly, the revocation of good time credits did not violate due process. *See Wolff*, 418 U.S. at 563-66.

**AFFIRMED.**

A TRUE COPY  9/7/07
ATTEST
CATHY CATTERSON
Clerk of Court
by:_____
Deputy Clerk
This certification does constitute the mandate of the court.